United States v. Hill Are you a relative of our poet laureate? No, your honor, no good story to go with the name, I'm sorry. Although it's been twice, because I'm a junior, so it's been done twice. The poet laureate lived in the town that I grew up in, at least for a period of time in Vermont. So anyway, welcome, Mr. Frost. Thank you, your honor. May it please the court, Robert Frost for the defendant appellant, Sean Hill. I've reserved two minutes for rebuttal. So the dispositive issue in this sentencing appeal, a fairly straightforward issue, is whether Mr. Hill's prior Connecticut conviction 16 years ago when he was 17, he's now 33, but whether that long ago conviction for violating Connecticut's narcotics statute, Connecticut General Statute 21A-277 paren a, qualifies as a controlled substance offense, as that phrase is defined in U.S. sentencing guidelines and specifically the career offender guideline 4B1.2. If it qualifies as a controlled substance offense, then as the trial court found, Mr. Hill's base offense level under the firearm guideline goes up six levels from 14 to 20, and this six-level increase is significant because it produces a sentencing range nearly twice what would otherwise apply. His range would be 70 to 87 months instead of 36 to 47 months. The court, as I said, did find that the conviction qualified, and it turned on the evidence, the judicial record evidence that was presented by the government to prove up that predicate conviction. The state transcript from the local, the New Haven court, which actually involved a number of criminal files at that time, and essentially our argument was the format and the way that that plea occurred left some, I would leave room for uncertainty as to what specific conduct Mr. Hill was admitting to. What was he confirming when he was questioned by the court? This is not a situation, certainly like in federal court, where there's a very lengthy plea and the guilty comes at the end, so that it's pretty clear that everything that comes before that point in time is adequately explained. In this particular court in New Haven, where I practice, they were resolving, it was a busy court, they were resolving a number of files on that particular day, and as the transcript makes clear, the format was to basically seriatim go through each file, each charge that he was pleading guilty to, and ask him to plead guilty first without hearing any factual summary or proffer from the prosecutor. Thereafter, the prosecutor engaged in a fairly lengthy factual summary of the facts in three different cases, only one of which was a drug case. And he was asked, how do you plead to the charge of possession of narcotics with intent to sell? And he pleaded guilty. Yes, Your Honor. Okay, what was wrong with that? Well, what's wrong with that is because, and I think this court actually addressed this in the Moreno case, is that when the statute itself, 21A-277A, is broader in terms of the conduct and elements that are included than the federal definition, merely saying guilty to an offense like that doesn't mean that you've admitted the element that qualifies it as a predicate. Well, I would agree with what you just said. If it was, how do you plead to Connecticut general statute, and then just cite the section number. But as Judge Kears pointed out, and I think it, well, I will certainly assume it's correct, that the state judge taking the plea said, do you plead guilty to distribution of narcotics with intent to sell? My answer would still be the same. I would say, in addition, that that would be evidence that he was confirming some conduct that would qualify. The issue is, it's a search for. What conduct wouldn't qualify under that? Well, under 21A. No, under the statement that the judge, under the question that the judge asked. Well, certainly there's no indication of the type of drug in admitting that. I thought your point was that Savage held that a mere offer could not be the basis of a predicate because it wasn't covered by the generic federal statute. And therefore, in that sense, 21A-277 was overbroad. Is that? That's true, Your Honor. But there's no indication here that he pled guilty to an offer at all. And the statute spells out the various manifestations of this. I'm avoiding the word either elements or means at this point. In the disjunctive. And here it was possession with intent to sell. And it seems to me that under those circumstances, he's not just pleading guilty to a statute. He's pleading guilty to certain conduct, which is separable from a mere offer. Are you following me so far? I do, Your Honor. The way that we've viewed the statute is that the fact that the Connecticut statute criminalizes conduct that the federal law does not, the mere offer language, which is not in the federal statute, means that then you have to look at the transcript to determine what conduct he pled guilty to. I heard Judge Kirste indicate that simply by answering the charge when put to plea, that that would be, if not some evidence, pretty good evidence. I understand that point. Our argument is simply that the law under Shepard indicates that you have to have complete certainty. If that gives the court certainty. Well, are you not permitted to look at, to consider in terms of the colloquy, the facts that were elucidated about this defendant, that he had 13 hard rock pieces of crack in his mouth that he'd hidden there at the time that he was picked up? Only if he confirms those facts in a colloquy with the court, which that was primarily, I think, the government's argument is that when he was asked later in the plea colloquy, are the facts correct? It wasn't, that question wasn't answered. But he answered yes. He did. That's correct, yeah. He did. And I think, as Judge Shotney, I think, put me on the spot in the district court, would we be here, from my perspective, if that question had been asked after the summary of the facts related to the drug file, I would agree that I think that my argument would not have the same force. Thank you, Your Honor. Thank you, Mr. Frost. And you've reserved two minutes for rebuttal. Mr. Durham, good morning. Thank you, Your Honor. As the record in the case below makes clear in this case, Judge Shotney was really very careful, as he typically is, to make sure that the record was completely and thoroughly reviewed. In this particular instance, I think that one of the most important things the judge did was to point out that the focus of the state court proceeding that's at issue here really was this drug case. Counsel makes reference, in his brief, makes reference to the fact that there had been five files that Mr. Hill had that day. But the focus of everything that occurred before the state court judge really was the drug case. That is, the prosecution, in particular, thought that the principal charge, which would have required a mandatory eight years' imprisonment, was excessive. And so there was a resolution to the case that was the drug case. And so he ultimately, that is Mr. Hill, ultimately pleaded guilty to the three cases. But the focus of the entire proceeding really was this drug case. And Judge Shotney clearly concentrated on that. Judge Shotney carefully reviewed the transcript. It's clear from the record and the judge's thorough statements at the time of sentencing that he reviewed very carefully the plea transcript. As Your Honor points out, the facts that were stated on the record by the prosecutor, those of which were proffered, clearly eliminated the possibility that the underlying offense related to any kind of an offer. This is actual possession of the 13 bags of crack that the individual had in his mouth at the time of his arrest. So for purposes of Savage and then Shepherd, the record to look to, that is the judicial transcript of the plea and sentencing proceedings, make it abundantly clear that the defendant was in possession of, with intent to sell, this crack cocaine. And that's essentially what Judge Shotney concluded. And it is clear, I think everybody would agree, if the state court judge had taken a plea to one file and asked are those facts accurate, maybe the record would be clearer. But as Judge Shotney pointed out in his sentencing remarks, because that may have been a clearer way of doing it, it doesn't mean that the record that did exist is somehow confusing. And importantly here, as to the defendant and his defense counsel, neither the defendant expressed any kind of confusion when he answered yes to the question, are those the facts? Defense counsel expressed no confusion. There's no equivocation on the part of Mr. Hill or Mr. Hill's counsel as to the underlying facts in the case. The government believes that Judge Shotney was absolutely right in reaching the conclusion that he did, and that the enhancement based on the prior narcotics conviction or controlled substance offense would apply. Unless the court has any additional questions, we would rest on that. Thank you, Your Honors. Thank you, Mr. Darrell. Mr. Frost. Nothing further, Your Honor. Thank you. Thank you. Thank you both. We will reserve decision and get you an answer in due course.